NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE ARDIZZONE, | No. 19-35704 |
| Petitioner-Appellant, | D.C. No. 6:16-cv-02278-JR |
| v. | |
| JEFF PREMO, Superintendent, Oregon State Penitentiary, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 14, 2020**
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges; and CHHABRIA,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Vince G. Chhabria, United States District Judge for the Northern District of California, sitting by designation.

Oregon state prisoner George Ardizzone appeals the district court's denial of his habeas petition alleging ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and review denials of habeas relief de novo. *Bradford v. Davis*, 923 F.3d 599, 609 (9th Cir. 2019). We affirm.

After Ardizzone was convicted in state court of attempted murder, solicitation to commit first-degree kidnapping, solicitation to commit second-degree assault, and being a felon in possession of a firearm, Ardizzone filed a state habeas petition alleging that his trial counsel was ineffective for failing to file a motion to suppress his police-recorded telephone calls with an informant, Audie Collins. Collins had consented to the police surveillance and recording of the calls. In denying Ardizzone's habeas petition, the state post-conviction court observed that "trial counsel considered the possibility of a motion to suppress" and "that he felt that he would not prevail … in light of the statute expressly allowing the police, the authority, to do what they did in this case." Oregon's Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Ardizzone restated this argument in his federal habeas petition, which the district court denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court may not grant relief with respect to any claim that a state court adjudicated "on the merits," unless that decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

2

Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the state post-conviction court's conclusion on the merits regarding Ardizzone's ineffective assistance claim was supported by a reasonable determination of the facts consistent with Oregon law. The State of Oregon only requires the consent of one party to a telephone conversation in order to record it. *See* Or. Rev. Stat. § 165.540(1)(a) (making it unlawful to "[o]btain … any part of a telecommunication … by means of any device … unless consent is given by at least one participant"). The Oregon Supreme Court authoritatively interpreted Section 165.540(1)(a) to allow the police to listen to telephone calls between a consenting informant and a criminal suspect without a warrant. *See State v. Lissy*, 747 P.2d 345, 351–52 (Or. 1987) (explaining that the Oregon Legislature intended "not [to] restrict the taping or recording of telephone conversations by anyone when one party consents"). Ardizzone's counsel filed a declaration in the state habeas proceedings acknowledging that he knew a motion to suppress would fail because Collins consented to the police's recording.[2] As a result, the state post-conviction court reasonably determined that any motion to suppress the calls with Collins would have been denied under Oregon law and that refusal to file such a motion was a conscious choice by Ardizzone's counsel.

---

[2] Ardizzone himself referenced this statute during his state habeas proceedings.

To establish a claim of ineffective assistance of counsel, the defendant must demonstrate that his attorney's deficient performance fell below the objective standard of reasonableness and that, but for those errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Due to the state of the law in Oregon, Ardizzone cannot show that the outcome of his trial for attempted murder and solicitation offenses would have reached a different conclusion but for his trial counsel's strategic litigation decision not to file an obviously hopeless motion to suppress. *Id.* at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable …."). Ardizzone's counsel did not perform deficiently nor did his decision to forgo pursuing a motion to suppress affect the outcome of Ardizzone's case under Oregon law.

AFFIRMED.